# EXHIBIT A

Brian W. McAlindin, Esq. #037271983
**BATHGATE, WEGENER & WOLF**
A Professional Corporation
One Airport Road
Lakewood, New Jersey 08701
(732) 363-0666
Attorneys for Plaintiff Susan Morrissey

|  |  |
|---|---|
| **SUSAN MORRISSEY,**<br><br>Plaintiff,<br><br>v<br><br>**WALMART INC., SHUANGMA PLASTIC MANUFACTURING INC., JOHN DOES 1-10, (fictitiously named) ABC CORPORATIONS 1-10, (fictitiously named),**<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: OCEAN COUNTY<br><br>DOCKET NO. OCN-L-<br><br>Civil Action<br><br>**COMPLAINT, JURY DEMAND, CERTIFICATIONS AND DESIGNATION OF TRIAL COUNSEL** |

Susan Morrissey ("Plaintiff"), residing at 712 Stone Harbor Avenue, in the Borough of Ocean Gate, County of Ocean, and State of New Jersey, by way of Complaint against the Defendants, says:

## PARTIES

1. Plaintiff is an adult individual who resides in New Jersey at the address of 712 Stone Harbor Avenue, Ocean Gate, NJ 08740 within Ocean County.

2. Defendant Walmart Inc. (hereinafter "Walmart") was at all times material hereto, a corporation of the State of Arkansas, with its principal place of business located at 702 SW 8th Street, in Bentonville, AR 72712. Walmart was in the business of marketing and selling Mainstays USB Rechargeable Mini Choppers manufactured by Shuangma Plastic Manufacturing Inc. (hereinafter "Shuangma"). Defendant Walmart held itself out to the public as sellers of goods, including Mainstays USB Rechargeable Mini Choppers, and placed the product in the stream

of commerce.  The Mini Chopper was sold exclusively at Walmart stores nationwide and online at Walmart.com.

3.  "Mainstays" is a proprietary brand of Walmart and offers products, such as kitchenware sold exclusively at Walmart.

4.  Defendant Shuangma was at all times material hereto, the manufacturer of the Mainstays USB Rechargeable Mini Chopper, with a location of No. 999 Xinxing Village, Yanjiang Town Linhai, Zhejiang, 317022 China.

5.  Defendant Shuangma was in the business of designing, manufacturing, marketing and/or selling Mainstays USB Rechargeable Mini Choppers.

6.  Defendant Shuangma held itself out to the public as designers, manufacturers, providers, and sellers of goods and household kitchenware including The Mainstays USB Rechargeable Mini Choppers.  Defendant placed the product into the stream of commerce with the intention and expectation that it would be marketed and sold in the United States.

7.  Defendants JOHN DOES 1-10 (said individuals being unknown and fictitious) and/or ABC CORPORATIONS 1-10 (said entities being unknown and fictitious) represent individuals, companies, corporations, owners, and/or manufacturers of Mainstays USB Rechargeable Mini Choppers that have not yet been identified.

8.  Venue is properly set in Ocean County pursuant to Rule 4:3-2(a).

## FACTS GIVING RISE TO THE ACTION

9.  In September of 2023, the Plaintiff's daughter purchased "The Mainstays USB Rechargeable Mini Chopper" from Defendant Walmart at Walmart Supercenter Store # 5260, located at 4208 Pleasant Crossing Boulevard in Rogers, Arkansas 72758.

10. On November 10, 2023, the Plaintiff attempted to use the Mainstays USB Rechargeable Mini Chopper (hereinafter "Mini Chopper") by removing it from the original packaging.  When the

2

Plaintiff picked up the Mini Chopper, it unexpectedly powered on, without warning, causing a deep laceration to her right thumb resulting in nerve damage.

11. Plaintiff did not alter, distort, change, damage, modify, or adjust the product from the condition it was received from Defendant Walmart.

12. Plaintiff used the product in accordance with its intended use and pursuant to the written instructions set forth on the label.  In doing so, she was caused to suffer and sustain severe bodily injuries, including a deep laceration to her right thumb with associated nerve damage.

13. As a result, Plaintiff sustained permanent injuries that required medical treatment, resulted in pain and suffering, disability from her usual activities, and will require future medical treatment.

14. On or about April 4, 2024, Walmart recalled (Recall number 24-178) the Mainstays USB Rechargeable Mini Food Chopper due to it being deemed "hazardous" because "the chopper's blade can operate unexpectedly during assembly or when not enclosed in the container, posing a laceration hazard to consumer," per the United States Consumer Product Safety Commission.

## COUNT I – VIOLATION OF PRODUCTS LIABILITY ACT

15. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

16. At all times relevant hereto, Defendants Walmart and/or Shuangma and/or JOHN DOES 1-10 and/or ABC CORPORATIONS 1-10, were corporations and/or other business entities that maintained, supplied, manufactured, distributed, assembled, installed and/or designed the Mainstays USB Mini Chopper and/or component parts thereof.

17. Defendants Walmart and/or Shuangma, JOHN DOES 1-10, and ABC CORPORATIONS 1-10, owed a duty of care to inspect, distribute, and design the Mini Chopper and its component parts in a manner that was safe for use in the manner in which it was intended.

3

18. Defendants Walmart and/or Shuangma, JOHN DOES 1-10, and ABC CORPORATIONS 1-10, distributed the Mini Chopper and its component parts in a manner that was not safe for its intended use.

19. Defendants Walmart, Shuangma, JOHN DOES 1-10, and ABC CORPORATIONS 1-10, individually, by way of the foregoing conduct, violated the *New Jersey Products Liability Act*, N.J.S.A. 2A:58C-1, *et seq.* As a result, Plaintiff suffered harm.

20. It was reasonably foreseeable that Plaintiff would be injured when using the Mainstays USB Rechargeable Mini Food Chopper for its intended purpose due to its inherent design defect.

21. The Mainstays USB Rechargeable Mini Food Chopper was defectively designed, and/or manufactured.

22. The product defect existed when the product left the Defendants' control.

23. The product defect was a substantial factor in causing the injury to the Plaintiff.

24. As a direct and/or proximate result of the act(s) and/or omission(s) of Defendants Walmart, Shuangma, JOHN DOES 1-0, and ABC CORPORATIONS 1-10, Plaintiff sustained severe permanent physical injury, emotional injury, pain and suffering, loss of enjoyment of life, medical and other expenses.

25. Defendants Walmart, Shuangma, JOHN DOES 1-10, and ABC CORPORATIONS 1-10, their agents, licensees and/or employees are liable to Plaintiff for strict liability and tort, and/or strict liability products liability as said product contained manufacturing and/or design defects.

**WHEREFORE**, Plaintiff Susan Morrissey demands judgment against the Defendants, Walmart, Shuangma, JOHN DOES 1-10 (fictitiously named) and ABC CORPORATIONS 1-10 (fictitiously named) jointly and severally, for compensatory damages, consequential damages, punitive damages, treble damages, interest, attorney's fees, filing fees, costs of suit and such other relief as is deemed just.

4

## COUNT II – STRICT LIABILITY

26. The allegations set forth in the preceding paragraphs are fully incorporated herein by reference.

27. Defendant Shuangma was in the business of designing, manufacturing, marketing, and selling household kitchenware, such as salad spinners, choppers, and graters. Shuangma designed, manufactured, marketed, distributed and sold the Mainstays USB Rechargeable Mini Chopper (hereinafter "Mini Chopper").

28. Defendant Shuangma, as the manufacturer/seller, was responsible to manufacture/sell the Mini Chopper that was reasonably fit, suitable and safe for its intended purpose and use.

29. Defendant Shuangma owed this duty to purchasers, foreseeable users, and persons reasonably expected to come into contact with the Mini Chopper.

30. Defendant Shuangma breached its duty of care and the product was not reasonably fit, suitable or safes for its intended purpose and because of a failure to adequately warn or instruct the Plaintiff of this inherent hazard that caused her injury.

31. As a result of the Defendants breach of its duty of care, Plaintiff Susan Morrissey sustained severe and painful bodily injuries which required medical treatment and caused and will continue to cause the Plaintiff severe permanent physical injury, emotional injury, pain and suffering, loss of enjoyment of life, medical and other expenses.

**WHEREFORE**, Plaintiff Susan Morrissey demands judgment against the Defendants, Walmart, Shuangma, JOHN DOES 1-10 (fictitiously named) and ABC CORPORATIONS 1-10 (fictitiously named) jointly and severally, for compensatory damages, consequential damages, punitive damages, treble damages, interest, attorney's fees, filing fees, costs of suit and such other relief as is deemed just.

5

## COUNT III – STRICT LIABILITY

32. The allegations set forth in the preceding paragraphs are fully incorporated herein by reference.

33. Defendant Walmart was in the business of marketing and selling household kitchenware such as choppers. Specifically, Walmart marketed and sold the Mainstays USB Rechargeable Mini Chopper (hereinafter "Mini Chopper").

34. Defendant Walmart had a duty to ensure the Mini Chopper was reasonably safe, fit, and suitable for its intended purpose by foreseeable users.

35. Defendant Walmart owed this duty to purchasers, foreseeable users and persons reasonably expected to come into contact with the Mini Chopper.

36. The product was not reasonably fit, suitable, or safe for its intended purpose due to its defective design and failure to adequately warn or instruct potential users, such as the Plaintiff.

37. As a result of Defendants breach of its duty of care, the Plaintiff sustained severe and painful bodily injuries which required medical treatment and caused and will continue to cause Plaintiff severe permanent physical injury, emotional injury, pain and suffering, loss of enjoyment of life, medical and other expenses.

**WHEREFORE**, Plaintiff Susan Morrissey demands judgment against the Defendants, Walmart, Shuangma, JOHN DOES 1-10 (fictitiously named) and ABC CORPORATIONS 1-10 (fictitiously named) jointly and severally, for compensatory damages, consequential damages, punitive damages, treble damages, interest, attorney's fees, filing fees, costs of suit and such other relief as is deemed just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all counts and causes of action and all issues raised by this Complaint.

6

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Brian W. McAlindin, Esq., is hereby designated as trial counsel for the Plaintiff.

## CERTIFICATION

Pursuant to R. 4:5-1, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or a pending arbitration proceeding. I further certify that I am not aware of any parties that should be joined in this action. I further certify that pursuant to R.1:38-7, confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted for all documents submitted in the future. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**BATHGATE, WEGENER & WOLF, P.C.**
Attorneys for the Plaintiff Susan Morrissey

By: _____
　　　BRIAN W. McALINDIN, ESQ.

Dated: 11/7/25

7

# Civil Case Information Statement

## Case Details: OCEAN | Civil Part Docket# L-003103-25

**Case Caption:** MORRISSEY SUSAN  VS WALMART INC.

**Case Initiation Date:** 11/07/2025

**Attorney Name:** BRIAN W MC ALINDIN

**Firm Name:** BATHGATE WEGENER & WOLF, PC

**Address:** 1 AIRPORT RD

LAKEWOOD NJ 08701

**Phone:** 7323630666

**Name of Party:** PLAINTIFF : Morrissey, Susan

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** PRODUCT LIABILITY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES – 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: Susan Morrissey? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/07/2025
Dated

/s/ BRIAN W MC ALINDIN
Signed